CHRISTMAN et al. v. BERTELS et al.

(Circuit Court of Appeals, Third Circuit. April 17, 1895.)

No. 21.

PATENTS—LIMITATION OF CLAIMS—INFRINGEMENT—BAIL EAR FOR PAILS.

The claim of the McDonnell patent, No. 194,476, for a bail ear for pails, if valid at all, is limited, both by its language and by the prior state of the art, to an ear in which the lug and the spring are not separated entities, but constitute one integral thing, and hence is not infringed by a device in which the spring is not attached to the groove of the bail, but passes through and extends below it, and is there fastened to the body of the pail itself.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit by Charles E. Christman and Enoch E. Christman against William B. Bertels, Charles E. Bertels, and Hayden U. Merithew, partners as W. B. Bertels, Son & Co., for the alleged infringement of a patent. The circuit court dismissed the bill, and complainants appealed.

James I. Kay, for appellants.
John H. Roney, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and WALES, District Judge.

DALLAS, Circuit Judge. This suit was brought to restrain the alleged infringement by the appellees of the third claim of patent No. 194,476, dated June 29, 1886, granted to James McDonnell for "Bail Ear for Pails." That claim is as follows:

"(3) The combination, with the pail, of the ears or lugs secured on each side thereof for the attachment of the bail or handle, each having the groove therein, and the spring secured in said groove, and having a projection or shoulder for engaging with the lid of the pail and locking it in position."

The court below pointed out that the specification describes, and the drawings exhibit, the lug and the spring of the patent, not as separate entities, but as together and unitedly constituting one integral thing; and, construing the claim with reference to

these other portions of the instrument, interpreted the words, "spring secured in said groove," as meaning a spring attached to or fastened in the groove. The spring of the appellees is not attached to or fastened in the groove of the bail ear, but passes through it and extends to a point below the lower extremity of the ear, and is there fastened to the body of the pail itself. Consequently, and in accordance with his restrictive understanding of the scope of the claim, the learned judge held that the contrivance of the appellees does not infringe. In our opinion, it would be impossible to hold otherwise, without so expanding the claim as to render it invalid. Similar springs, not fastened to, but brought in contact with, similar lugs, by being passed through grooves therein, were old. This is shown by, at least, the patent (No. 163,598) granted to Robert B. Kepner, dated May 18, 1875. McDonnell merely substituted the existing bail ear lugs for the separate, but, for this purpose, substantially identical lugs which Kepner had employed. This substitution did not amount to invention, and therefore the utmost which, with any show of reason, McDonnell can be said to have originated—and even this, in view of the Bligh patent, No. 27,265, is not unquestionable—consisted in fastening the spring, not to the body of the pail, but to the lug itself, and this the appellees have not done. The decree is affirmed.